Maximilian Moss, S.
This is a motion by the proponent to vacate the notice of examination served upon him by the objectant and for other appropriate relief. The grounds of the motion are that the examination is not material or necessary, is too broad in scope and time and in effect seeks an accounting as to the decedent’s partnership relationships and businesses conducted by him and his sons including the proponent. Decedent died on May 11, 1956. The propounded instrument is dated October 11, 1948, and leaves his wife, the objectant, a legacy of $2,500 and the income of one third of his estate in trust with remainder and the balance of the estate to his four sons by a prior marriage. The papers indicate that decedent and objectant were married in 1932, each for the second time and were separated in 1944 without having joint issue. The period covered by the proposed examination begins three years before execution of the instrument and ends at decedent’s death, a duration of more than 10 years. As indicated by the items and records sought and expressed by objectant’s counsel in his affidavit and memorandum “ the examination is sought in large measure tho not exclusively to prepare for trial on the issue of undue influence and fraud in the execution of the will insofar as an attempt was made to create a fictitious partnership between the father and his sons with the moneys and other property belonging to the decedent.” The items besides dealing with testamentary capacity deal also with transactions and conversations between proponent and the other partners and between proponent and banking institutions relating to the decedent.
The value of decedent’s estate at the time of execution of his propounded will and for a reasonable period anterior thereto is a material subject of inquiry on the issue of undue influence (Matter of Sperry, 138 Misc. 549, 553). In connection with such an inquiry the examination may extend to respondent’s knowledge of the personal and financial affairs *665 of the decedent as bearing upon the nature of the relationship existing between them (Matter of Boyle, 205 Misc. 497, 501). The period usually allowed to cover such an examination is from three years before execution of the propounded instrument to two years thereafter (Matter of Boyle, supra; Matter of Nugent, 153 N. Y. S. 2d 236).
The motion is granted to the following extent: In lieu of all items, the proponent will be required to submit to examination as to all relevant facts and circumstances in respect to (a) the preparation and execution of the propounded instrument; (b). testamentary capacity; (c) fraud and undue influence allegedly practiced upon the decedent; (d) his mental and physical condition as bearing upon the issue of fraud and undue influence; (e) his financial status at or about the time of execution of the instrument; and (f) the financial and business transactions between the decedent and the proponent. The examination will be restricted where applicable to the period beginning three years prior to the execution of the propounded instrument and ending two years thereafter. The proponent will produce for use at the examination, pursuant to section 296 of the Civil Practice Act, all papers and data pertaining to the matters upon which the examination is granted which are in his possession or under his control (Matter of Carll, 201 Misc. 829; Matter of Goren, 203 Misc. 609; Matter of Coen, 128 N. Y. S. 2d 166; Matter of Altschul, 142 N. Y. S. 2d 484; Matter of McNamara, 148 N. Y. S. 2d 544; Matter of Walsh, 154 N. Y. S. 2d 987). Settle order on notice.