Maximilian Moss, S.
In this contested accounting proceeding, one of the objectants, J. Joseph Tannenbaum, the income beneficiary of a residuary trust, seeks to examine before trial three individual executors and the corporate executor, Chase Manhattan Bank, with respect to all matters relating to the administration of the estate, and as to certain additional items.
The principal asset of the testator’s estate was 38 shares of the capital stock of Max Tannenbaum, Inc. The balance or the remaining 37 shares of the outstanding capital stock of said corporation were owned by the testator’s widow. Within a week of the issuance of letters testamentary on October 18, .1955 “ the stockholders elected to liquidate the corporation, and the widow, Sophie Tannenbaum, proceeded to do so.” The balance of the schedule does not throw much additional light upon how the liquidation was accomplished or who were the purchasers of the corporate assets, other than the fact that the furniture and fixtures were sold to the widow. It is alleged however that on October 31, 1955 the widow caused to be filed a certificate of doing business by herself under the name of S. Tannenbaum Company, and that on August 2,1956, a certificate of incorporation was filed in New York County in the name of S. Tannenbaum Co., Inc., the subscribers of which were associates of the law firm of which one of the executors was a partner. It also appears that said company and corporation do business and use the same telephone number in the same quarters formerly occupied by Max Tannenbaum, Inc., whose stock in part was owned by the testator, and said company and corporation have the same employees and are engaged in the same business.
Against the foregoing background, movant wishes to examine the executors with respect to all matters relating to the estate. That part of the motion is unopposed and is granted as one to which the beneficiary is entitled. (Surrogate’s Ct. Act, § 263.) An examination is further demanded with respect to S. Tannenbaum Company and S. Tannenbaum Co., Inc., and that the executors be required to produce the books, records, etc., of the said company and corporation as well as of Max Tannenbaum, Inc.
A trustee ordinarily owes a duty to the cestui not to buy at a sale of trust property (3 Bogert on Trusts & Trustees, § 543; Matter of Hubbell, 302 N. Y. 246, 255; Fulton v. Whitney, 66 N. Y. 548, 555). There is present in this matter an element of self-dealing by one of the executors, a course of conduct which has long been interdicted (Matter of Shehan, 285 App. Div. 785, 791 and cases cited; cf. Skinnell v. Mahoney, 197 App. Div. *97 808). That phase of the motion for the examination with respect to the enumerated items is accordingly also granted. Likewise granted is the demand for the production of the records and books of Max Tannenbaum, Inc., S. Tannenbaum ■Company and S. Tannenbaum Co., Inc. The latter corporation is not a party to this proceeding but inasmuch as it appears that the records are subject to the control or are in the custody of the widow-executrix, their production is proper (Matter of Shehan, supra; see, also, Southbridge Finishing Co. v. Golding, 2 A D 2d 430). The special guardian’s motion to participate in said examination is also granted. Settle order on notice.