In the Matter of the Probate of the Will of DONALD HAGGART, Deceased. SAMUEL R. MISERENDINO, Appellant. SANDRA L. HAGGART et al., Respondents.

Fourth Department, December 11, 1969.

*Edwin J. Kuzdale* for appellant.

*Anthony J. Spann* for respondents.

*Per Curiam.* The decree herein denying probate of the alleged will of one Haggart (testator) following trial implements the findings of a jury that testator (1) did not declare the writing to be his last will and testament; (2) was not at the time of sound mind and (3) did not know the contents of the instrument which (4) did not express his intentions. The jury further found that the writing was procured by fraud and was the product of undue influence.

We conclude that the trial court erred in not granting the motion made by proponents at the close of the evidence for a directed verdict. In other words the court could and should have found that by no rational process could the jury have based the findings subsequently made upon the evidence presented (cf. *Blum* v. *Fresh Grown Preserve Corp.,* 292 N. Y. 241, 245).

The record provides ample proof that testator did declare the writing to be his last will and testament, knew the contents thereof and that they expressed his intentions. While there was proof that testator at times drank to excess there is no evidence that at the time he executed the will he was under the influence of alcohol or was of unsound mind. To the contrary the record of the hospital, where testator was a patient, shows that on the date (March 10, 1965) the will was executed testator was " up and about " left the hospital during the day on a pass and in

the evening left again to attend Bible Class and returned at 9 P.M. He had a " good day " and a " good evening ".

Testator's attending physician testified that before the will was drawn the attorney inquired of the doctor if testator was mentally capable of drawing a will and received a reply in the affirmative. The doctor further testified that while testator on the date in question was suffering from carcinoma of the lungs he was mentally alert, capable of doing business and not suffering from alcohol psychosis. His condition did not worsen until some three months after the date of the execution of the will and shortly before his death. Contestants offered no medical proof to the contrary.

The beneficiaries of the will were the husband and wife who operated the private hospital wherein testator was a patient for some six months and where the will was executed. There is not a scintilla of direct evidence, however, or proof from which an inference might be drawn that this couple exerted undue influence on testator or procured the execution of the will by fraud. The contestants — six adult children of testator — had given little or no attention to their father during his months in the hospital. It may be inferred that the children had been alienated by the actions of testator some 10 years before when he divorced their mother and married another woman.

" A mere showing of opportunity and even of a motive to exercise undue influence does not justify a submission of that issue to the jury, unless there is in addition evidence that such influence was actually utilized " (*Matter of Walther,* 6 N Y 2d 49, 55). Such was the state of the proof in this record.

The decree entered January 22, 1969 should be modified to the extent of reversing the first and second decretal paragraphs thereof and, as modified, affirmed without costs or disbursements to any party and the matter should be remitted to the Surrogate's Court of Chautauqua County with directions to admit the will to probate.

DELVECCHIO, J. P., MARSH, MOULE, BASTOW and HENRY, JJ., concur.

Decree unanimously modified on the law and facts to the extent of reversing the first and second decretal paragraphs thereof, and, as so modified, decree affirmed, without costs or disbursements to any party, and matter remitted to Surrogate's Court, Chautauqua County with direction to admit the will to probate.