■ In the Matter of the Estate of LOIS E. FOX, Deceased. — Order unanimously modified and, as modified, affirmed, with costs to objectants, in accordance with the following memorandum: Testator's grandchildren filed objections to the probate of a November 23, 1981 will, which devised her entire estate to the proponent, on the grounds of undue influence and incompetency.

During discovery, objectants sought to learn whether the proponent had knowledge of the testator's assets prior to the will's execution; and whether proponent knew if the testator, within three years prior to her death, had divested herself of any of her assets and, if so, the details. When the proponent refused to answer on the ground of relevancy, objectants moved to compel a response; proponent then cross-moved for a protective order. The Surrogate granted a protective order unconditionally as to the first question and, as to the second, ordered that disclosure need not be made of the details of specific asset transfers. This was error. ¶ CPLR 3101 permits discovery of all relevant nonprivileged evidence (see *Allen v Crowell-Collier Pub. Co.* 21 NY2d 403, 406). Here, the proponent's knowledge of the testator's assets and her knowledge and participation in specific asset transfers is relevant bearing upon the nature of the relationship existing between them and the proponent's motive and opportunity for exercising undue influence (*Matter of Walther*, 6 NY2d 49; *Matter of Haggart*, 33 AD2d 124, affd 27 NY2d 900; *Matter of Veeder*, 7 Misc 2d 662). (Appeal from order of Monroe County Surrogate's Court, Ciaccio, S. — discovery.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Moule, JJ.