OPINION OF THE COURT
C. Raymond Radigan, J.
In this discovery proceeding the executor seeks an order consolidating the proceeding with the accounting proceeding. The respondent cross-moves for an order dismissing the discovery proceeding.
The petitioner Irving Goodstein is a coexecutor of the estate of the decedent, Ellen Laflin. John Laflin is the decedent’s son and the sole beneficiary of the estate. John Laflin and Virginia Laflin Cohen are the respondents in the discovery proceeding.
The executor contends that the proceeding was commenced for the purpose of obtaining certain information regarding gifts made to the respondents. The executor conducted an examination of Virginia Laflin Cohen and now seeks the examination of John Laflin. The executor does not dispute the validity of gifts of the items in question. Instead he contends that information concerning their value is necessary in order to prepare the Federal estate tax return.
John Laflin contends that there is no statutory provision for the discovery of information where the fiduciary does not allege that the information will assist in the return of property which is an asset of the estate.
*349 SCPA 2103 provides for the commencement of a discovery proceeding against a person who has knowledge or information concerning property which the fiduciary alleges should be paid to him (SCPA 2103 [1] [b]).
Surrogate’s Court Act § 205, the precursor to SCPA 2103, provided not only for the discovery of information related to property which the fiduciary alleged should be delivered to him, but for information which would assist the fiduciary in preparing his inventory and appraisal, even if the property did not belong in the estate (In re Korowitz, 120 NYS2d 498).
The statutes regarding inventories and appraisals, being considered as obsolete, were repealed and replaced by a general section regarding disclosure of assets by the fiduciary (see, Note in L 1964, ch 364, adding former Surrogate’s Ct Act § 199, now SCPA 2101 [1]). Obviously, the provision permitting the discovery of information needed to prepare an inventory and appraisal was deleted from SCPA 2103 for that reason.
The purpose of the current statute (as well as its predecessor) is to provide a vehicle through which the fiduciary can obtain information needed to determine the assets of the estate or the value of the assets of the estate, as well as to effectuate a return of the property to the fiduciary. The statute would embrace a situation, such as the case at bar, where the fiduciary seeks information in order to complete tax returns and finalize the administration of the estate. It may also be necessary to gain information to complete the inventory that will be required under the new proposed Uniform Rules for Surrogate’s Court (§ 207.20 [b]).
The respondent contends that even if the subject matter of the discovery proceeding is appropriate, the proceeding is barred by the Statute of Limitations under CPLR 214 (3) since the decedent died over four years ago.
A discovery proceeding has been likened to replevin action. The Statute of Limitations for a replevin is three years (CPLR 214 [3]) in the absence of fraud, and this statute would apply in a discovery proceeding (Matter of Dunbar, 49 AD2d 858).
However, in the instant case the fiduciary does not seek the return of specific property. He merely seeks information and the Statute of Limitations for replevin should not therefore apply. Accordingly, the cross motion to dismiss is denied.
The motion for an order consolidating the discovery proceeding with the accounting proceeding is denied. Consolidation is permitted where there are common issues of law or fact (Gibbons v Groat, 22 AD2d 996) which are not present here.
*350 The order to be signed should provide for a date for the examination of John Laflin under SCPA 2103 on at least 10 days’ notice.