■ In the Matter of the Estate of ROBERT S. DU BRAY, Deceased. SHIRLEY DU BRAY, Respondent; COLLEEN DU BRAY et al., Appellants.—Mikoll, J. Appeal from an order of the Surrogate's Court of Albany County (Marinelli, S.), entered June 5, 1986, which, *inter alia,* partially granted petitioner's motion for a protective order.

In this proceeding for the probate of the last will and testament of decedent, respondents (Colleen Du Bray, widow of decedent, and Mark Du Bray, their son) object to probate on the grounds of, *inter alia,* undue influence practiced by James Linnan, an attorney for decedent and decedent's entire family, or by some other person or persons acting in concert or privity with Linnan, or of mistake.

Surrogate's Court in its letter decision and subsequent order granted the motion of petitioner (who sought probate of the will and was decedent's sister-in-law) with respect to her request for an order of preclusion to the extent of striking from respondent's notice to take deposition upon oral examination the documents requested in paragraphs Nos. 1 through 7. The court determined that the information requested therein was neither material nor necessary and irrelevant to the filed objections. The court further ordered that respondents serve the bill of particulars within 60 days and denied their cross motion. This appeal by respondents ensued.

Surrogate's Court abused its discretion in precluding respon-

dents from obtaining information regarding decedent's corporation since such information is material and necessary to respondents. However, the disclosure should be limited to the time preceding decedent's death. Accordingly, the order of Surrogate's Court should be modified by reversing so much thereof as granted petitioner's motion to strike from respondents' notice the documents requested in paragraphs Nos. 1 through 7. Furthermore, the provision requiring respondents to comply with petitioner's demand for a bill of particulars, notice to obtain statements and demand for witnesses within 60 days of service of the order should be modified to provide for such compliance within 30 days of the examination of the documents requested in paragraphs Nos. 1 through 7 of the notice of deposition.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". The test of what is material and necessary in discovery is one of usefulness and reason *(Cooperstein v Patrician Estates,* 97 AD2d 426, 427). Here, the record establishes that decedent was more than merely a shareholder in the corporations. There is evidence that the corporations were either solely owned by decedent, or owned jointly by decedent and petitioner, and perhaps also one of decedent's brothers. Thus, the relationship between the family members in the closely held corporations, and particularly the existence of any transactions between them as shareholders, clearly appears relevant on the issue of their motive and opportunity to exercise undue influence over decedent *(see, Matter of Fox,* 100 AD2d 744; *Matter of Reynolds,* 67 Misc 2d 380, 382-384, *mod* 38 AD2d 788; *see also, Matter of Veeder,* 7 Misc 2d 662, 663-664). Moreover, the documents will provide evidence on decedent's financial status, relevant to the issues of both fraud and undue influence. The value of a decedent's estate is a proper subject of inquiry *(see, Matter of Woodward,* 167 NY 28, 29-30; *Matter of Goldman,* 6 Misc 2d 663).

We note that although the relevant records appear to be in Linnan's possession, petitioner has not denied that he is her attorney. She may, therefore, be compelled to produce records under her control for use at the examination *(see, Matter of Sperry,* 138 Misc 549, 552).

In a situation such as the present, where the validity of a will is challenged as the product of undue influence or mistake, courts generally require that the examination of witnesses be limited to a three-year period preceding the date of

the will, and two years thereafter (see, Matter of Griffith, 48 Misc 2d 1048; Matter of Veeder, supra). Although a longer period has been permitted where a scheme of fraud or a continuing course of conduct or undue influence is alleged and is evidenced by facts (see, Matter of Brady, 273 App Div 968; Matter of Carpenter, 252 App Div 885; Matter of Griffith, supra, at 1049), respondents have failed to set forth facts sufficient to warrant examination over the longer period of time.

Order modified, on the law, without costs, by reversing so much thereof as granted petitioner's motion to strike from respondents' notice to take a deposition upon oral examination the documents requested in paragraphs Nos. 1 through 7 and directed that respondents comply with petitioner's demand for a bill of particulars, notice to obtain statements and demand for witnesses within 60 days of service of the order; such compliance is directed within 30 days of the examination of the documents requested in paragraphs Nos. 1 through 7 of respondents' notice to take a deposition; and, as so modified, affirmed. Main, Casey, Weiss and Mikoll, JJ., concur.

Kane, J. P., concurs in part and dissents in part in a memorandum. Kane, J. P. (concurring in part and dissenting in part). My only disagreement with the majority is in their limitation on the extent of discovery to a three-year period preceding, and the two years succeeding, the execution of the will. The limitations referred to are merely rules of thumb for the "average case" (Matter of Kaufmann, 11 AD2d 759, 760). In my view, this is not the "average case" and the circumstances presented suggest that there may be relevant information to be obtained from records beyond the limitations imposed.