■ VINCENT M. ZALOOM REALTY ASSOCIATES, LTD., Doing Business as ZALOOM REALTY, Respondent, v BIASO LEPRO, Appellant, et al., Defendant.—In an action to recover a brokerage commission, the defendant Biaso Lepro appeals from so much of an order of the Supreme Court, Richmond County (Amann, J.), dated April 15, 1987, as denied his motion to dismiss the complaint insofar as it is asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

At the core of this dispute is a so-called "binder" allegedly signed May 6, 1986, by the appellant as seller and Mr. Maillius as the buyer of a described parcel of realty. This binder provides that the appellant will pay 5% commission to the plaintiff under certain conditions. The record raises questions of fact as to whether or not this binder contains all of the elements of the actual agreement of the parties. Those issues can only be resolved at a trial (see, Donner v Septimus, 122 AD2d 104). Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.

■ DOLORES WHITE-HELLER, Appellant, v OCEANSIDE UNION FREE SCHOOL DISTRICT et al., Respondents, et al., Defendants. —In an action, inter alia, for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCabe, J.), dated June 11, 1987, which denied her motion for leave to amend her complaint so as to include a prayer for money damages against certain defendants.

Ordered that the order is affirmed, with costs.

The plaintiff proposes to amend her pleading so as "to clarify * * * for trial purposes" that she seeks money damages against certain defendants, notwithstanding that the only cause of action presently pending against them is couched in terms consistent with a claim for injunctive relief. While "[r]elief in the alternative or of several different types may be demanded" (CPLR 3017 [a]), the plaintiff's proposed amended pleading makes clear that the prayer for damages is premised entirely on a cause of action which was previously dismissed against these defendants by an order from which the plaintiff took no appeal. Although we are not bound by the "law of the case" doctrine as is the Supreme Court, Nassau County (see, e.g., Scott v Transkrit Corp., 91 AD2d 682), the propriety of the prior order is beyond the scope of this appeal (cf., CPLR 5501 [a] [1]; see, Jones v 30 Sutton Place Corp., 12 AD2d 455, affd 10 NY2d 771). The trial must be conducted within the framework allowed by the plaintiff's present pleading. Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.