■ In the Matter of the Estate of HOWARD L. GRANOWITZ, Deceased. LINDA R. GRANOWITZ et al., Respondents; MARTIN GRANOWITZ et al., Appellants.—In a proceeding, pursuant to SCPA 2103 to discover property of the decedent, the appeal, as limited by the appellants' brief, is from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated January 12, 1988, as, *inter alia,* denied their motion to dismiss the proceeding.

Ordered that the order is affirmed insofar as appealed from, with costs payable personally by the appellants.

The appellants contend that the shareholders' agreement and the 1986 certificate of agreed value signed by the decedent and his brother are dispositive of all the decedent's rights in Bearings Limited, a corporation of which they were sole owners and shareholders. The Surrogate's Court denied their motion to dismiss this proceeding, holding that questions of fact exist as to whether the 1986 certificate was a valid agreement and as to the true redemption value of the decedent's shares of the corporation. We agree.

The purpose of SCPA 2103 is to "provide a vehicle through which the fiduciary can obtain information needed to determine the assets of the estate or the value [thereof], as well as to effectuate a return of the property to the fiduciary" *(Matter of Laflin,* 128 Misc 2d 348, 349). The appellants' motion to dismiss, if granted, would foreclose any opportunity the petitioners would have to carry out their fiduciary duty to ascertain and marshal these assets. A substantial purpose of the discovery sought is to ascertain through documentary evidence whether the parties intended the agreements to be

binding or understated the value of the shares of corporate stock to perpetrate a fraud on third parties. In general, discovery proceedings should not be dismissed without adequate opportunity for the full development of the facts *(Matter of Humphreys,* 35 Misc 2d 404, 405; *Matter of Mendelson,* 15 Misc 2d 837). The Surrogate, correctly finding that questions of fact exist with- respect to the parties' intent, properly denied the appellants' motion to dismiss and directed discovery.

We have examined the appellants' remaining contentions and find them to be without merit. Mollen, P. J., Kunzeman, Spatt and Rosenblatt, JJ., concur.