■ In the Matter of ALAN BERNSTEIN, Deceased. BARBARA BERNSTEIN, as Executor of ALAN BERNSTEIN, Deceased, Respondent; LAURA ACCESSORIES, INC., et al., Appellants.—In a proceeding pursuant to SCPA 2103 and 2104, the appeal is from so much of an order of the Surrogate's Court, Westches-

ter County (Brewster, J.), dated July 7, 1989, as granted in part a motion by the petitioner which was for production of certain books and records for discovery and inspection.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellants personally.

The decedent and his brother, one of the appellants in this proceeding, were business associates and equal shareholders of various corporations, some of which merged with others. The decedent and his brother entered into a shareholders' agreement regarding one of those corporations which provided, inter alia, that upon the death of one brother, either the corporation or the surviving brother was to purchase the deceased brother's stock. That stock was to be valued "in accordance with" the "net worth" of the corporation which was in turn to be determined "in accordance with" the last corporate tax return filed before the death. To that net worth was to be added a value for good will "computed" pursuant to a formula based on specified figures "shown" in that tax return.

The appellants contend, as they did on a prior unsuccessful motion to dismiss this proceeding for lack of subject matter jurisdiction, that the shareholders' agreement and the specified tax return are dispositive on the issue of the value of the stock. They now urge that disclosure of certain books and records, most particularly those of the corporation which is the subject of the shareholders' agreement, is unnecessary and improper. We disagree.

We need not presently determine whether the shareholders' agreement is so unambiguous as to preclude valuation by a method other than looking solely at the tax return specified in the agreement. In light of the special nature of the disclosure proceeding within which the challenged order arises (see, Matter of Piccione, 57 NY2d 278; Matter of Granowitz, 150 AD2d 446; see also, Matter of Laflin, 128 Misc 2d 348), the broad scope of disclosure generally permitted (see, CPLR 3101; Allen v Crowell-Collier Publ. Co., 21 NY2d 403; cf., SCPA 102), and the petitioner's allegations that value was fixed by the appellants pursuant to a tax return which deliberately understated net worth and that the filing of a later tax return was deliberately withheld with the expectation that decedent would soon die, we cannot say that the Surrogate's Court improvidently exercised its discretion in directing the challenged disclosure. Indeed, to deny the disclosure would effectively permit the appellants to accomplish here what they did

not accomplish on their prior motion to dismiss, the denial of which they did not challenge by appeal *(cf., White-Heller v Oceanside Union Free School Dist.,* 139 AD2d 576).

We have examined the remaining contentions of the appellants and find them to be without merit. Sullivan, J. P., Eiber, Harwood and Balletta, JJ., concur.