■ MATTHEW BENTHAM, Respondent, v HERTZ CORPORATION, Appellant.—Crew III, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Jiudice, J.), entered January 31, 1990 in Dutchess County, upon a decision of the court in favor of plaintiff.

Defendant is an automobile rental company and self-insurer of its own no-fault automobile insurance (Insurance Law art 51). Plaintiff, a resident of the United Kingdom, leased a car

from defendant while temporarily residing and working in Dutchess County. On October 25, 1984, he sustained personal injuries when his rental car was struck from behind during his lunch hour. He filed a claim with defendant for no-fault benefits in February 1985 requesting medical expenses and loss of earnings. By letter dated February 22, 1985, defendant denied his entire claim on the basis that his accident occurred in the course of his employment. After exchanging correspondence for two years, plaintiff commenced this action against defendant alleging that his no-fault claim was improperly denied. On October 3, 1988, after issue was joined and pursuant to plaintiff's motion, Supreme Court struck defendant's answer and granted partial summary judgment to plaintiff on the issue of liability. At a subsequent hearing to determine damages, Supreme Court directed defendant to pay plaintiff's medical expenses of $108.55 together with interest of $34.68, computed from November 4, 1988, counsel fees of $1,775 and disbursements of $129.75. Defendant objected and this appeal ensued.

At the outset, it is noted that no appeal was taken from the October 3, 1988 order of Supreme Court and it is beyond the scope of this appeal (see, White-Heller v Oceanside Union Free School Dist., 139 AD2d 576). The sole issue before this court, therefore, is whether Supreme Court properly determined the amount of damages due and the date from which to reckon interest.

Defendant contends that its 30-day time limit to pay plaintiff's claim did not commence until resolution of the issue of whether plaintiff was acting within the scope of his employment at the time of the accident and resubmission of the claims for payment. We disagree. It is undisputed that plaintiff previously submitted proof of his claim with the amount of loss sustained to defendant (see, Insurance Law § 5106 [a]; 11 NYCRR 65.15 [f] [3]). Additionally, both the statute and regulations contemplate that claims be expeditiously paid and that the parties conduct claim proceedings in a nonadversarial nature (ibid.; 11 NYCRR 65.15 [a]). Under the facts and circumstances of this case, and in view of a policy for expeditious payment of claims, plaintiff was not required to resubmit his claims. Upon entry of Supreme Court's order on October 4, 1988, defendant's 30-day time limit commenced on October 5, 1988 and expired on November 3, 1988. Accordingly, plaintiff's claim became overdue on November 4, 1988 (see, ibid.).

Supreme Court determined, and we agree, that defendant is to pay plaintiff's medical expenses of $108.55, together with

interest of $34.68 computed from November 4, 1988 and disbursements of $129.75. However, the court improperly determined that the amount of counsel fees to be paid by defendant was $1,775. It is clear from the record that this action was commenced by plaintiff's attorney to resolve the dispute between the parties concerning defendant's liability for no-fault benefits to plaintiff. It is also clear that defendant is liable for payment of counsel fees relating to this action (see, 11 NYCRR 65.16 [c] [8]). The maximum amount of counsel fees that may be awarded is $1,200, computed at a rate of $60 per hour *plus* $75 per hour for each personal appearance before the court (see, 11 NYCRR 65.16 [c] [8] [iii]). It is impossible for this court to determine what is the correct amount of counsel fees that should be awarded from this record, since we cannot determine the number of court appearances, if any, and the time involved as to each such appearance. The matter must therefore be remitted to Supreme Court for recalculation of counsel fees in accordance with 11 NYCRR 65.16 (c) (8).

Mahoney, P. J., Casey, Mikoll and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, with costs to plaintiff, by reversing so much thereof as directed defendant to pay plaintiff counsel fees of $1,775; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.