■ GAIL M. COLLEY, Respondent, v JOHN E. COLLEY, Respondent. TRUSTCO BANK NEW YORK, Appellant. [614 NYS2d 619] — Crew III, J. Appeal from that part of an order of the Supreme Court (Lynch, J.), entered December 10, 1993 in Schenectady County, which required Trustco Bank New York to provide plaintiff with a list of certain customer names and addresses.

Plaintiff commenced this action for divorce in June 1992 and thereafter served two employees of Trustco Bank New York, defendant's former employer, with subpoenas duces tecum requiring the disclosure of, *inter alia*, the names of those customers from whom defendant had repurchased certain coins. Trustco's subsequent application for a protective order regarding this particular demand was denied, and Trustco was ordered to provide a list of the names and addresses of all people whose coins were repurchased by defendant within two years of the date of defendant's resignation from Trustco. This appeal by Trustco followed, and Trustco's application for a stay pending appeal was granted by this Court.

Initially, we note that plaintiff has consented to the continuance of the stay during discovery and, hence, appears not to oppose the relief sought by Trustco on this appeal. In any event, we are of the view that the information sought by plaintiff is not "material and necessary" to the prosecution of this action for divorce (CPLR 3101 [a]; *see generally, NBT Bancorp v Fleet/Norstar Fin. Group,* 192 AD2d 1032, 1033; *Matter of Du Bray,* 132 AD2d 914, 915) and, therefore, Trustco's application for a protective order in this regard should have been granted. Although the value of the coins indeed

would be a relevant area of inquiry,* we fail to see how possessing the names and addresses of those involved in the transactions with defendant furthers plaintiff's efforts to obtain a fair award of equitable distribution and child support.

Mikoll, J. P., White, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as directed Trustco Bank New York to provide plaintiff with the names and addresses of all people whose coins were repurchased by defendant within two years of the date of defendant's resignation from Trustco Bank New York and denied Trustco Bank New York's application for a protective order in this regard; said application for a protective order granted; and, as so modified, affirmed.

---

* It appears that Trustco has agreed to furnish plaintiff with an inventory of the coins provided to defendant at the time of his resignation.