■ In the Matter of the Estate of HARRY WINSTON, Deceased. BRUCE WINSTON, Appellant; RONALD WINSTON et al., Respondents. [656 NYS2d 924] —In an action for an accounting, the petitioner appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Weschester County (Emanuelli, S.), dated March 22, 1995, as denied his motion pursuant to CPLR 3104 (d) to annul certain rulings of a court-appointed supervisor of discovery, which, *inter alia,* (1) denied his requests to photocopy certain documents produced in discovery, (2) denied his requests for the production of certain documents, and (3) permitted his advisors to be deposed.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Surrogate's Court did not improvidently exercise its

discretion in denying the petitioner further discovery absent a showing of need (see, *City of Mt. Vernon v Lexington Ins. Co.,* 232 AD2d 358; *Lamagna v New York State Assn. for Help of Retarded Children,* 222 AD2d 559; *Kaplan v Herbstein,* 175 AD2d 200). Similarly, the Surrogate's Court did not err in granting the respondents' request to depose the petitioner's advisors, including his attorney, as the respondents established both a good faith basis for the deposition and that the information sought was relevant and necessary for their case (see, *Byoung So Kim v Cho Ho Bae,* 198 AD2d 206; *Frybergh v Kouffman,* 119 AD2d 541; *Planned Indus. Ctrs. v Eric Bldrs.,* 51 AD2d 586; *Matter of Macku,* 29 AD2d 539). Bracken, J. P., O'Brien, Florio and Luciano, JJ., concur.