■ In the Matter of the Estate of PASQUALE A. CETTA, Deceased. KATHLEEN CETTA, Appellant; MICHAEL CETTA, Individually and as Executor of PASQUALE A. CETTA, Deceased, et al., Respondents. [733 NYS2d 521] —Carpinello, J. Appeal from an order of the Surrogate's Court of Ulster County (Czajka, S.), entered October 5, 2000, which denied petitioner's motion for discovery.

Petitioner is the widow of Pasquale A. Cetta (hereinafter decedent) who died in January 2000. At the time of his death, decedent had been in business with his brother, respondent Michael Cetta (hereinafter respondent), for over 30 years operating a steak house in New York City. The restaurant was actually owned by respondent Michael Cetta, Inc. (hereinafter the corporation) of which decedent and respondent were equal shareholders. Since 1975, decedent and respondent agreed to be bound by a stock purchase agreement in the event of the death of either. Pursuant to their latest agreement entered into in May 1990, upon either shareholder's death the corporation had the option to purchase all such deceased shareholder's stock within 60 days. The purchase price of the stock was determined by the "last signed [c]ertificate of [v]alue" executed by respondent and decedent. Valued at $150,000 in 1975, the stock value was thereafter increased by the brothers on numerous occasions over the years. The last certificate of value was executed by them in July 1998, only a year and a half before decedent's death, at which time the value of the stock was increased from $4 million to $10 million.

Within two months of decedent's death, petitioner was notified of the corporation's intent to exercise its option to purchase decedent's shares. Challenging the $5 million value placed on decedent's stock as being well below its actual value, petitioner commenced this proceeding in Surrogate's Court to compel respondent and the corporation to make available for examination and copying, *inter alia*, certain financial books and records

of the corporation. Surrogate's Court denied the request, prompting this appeal. We affirm.

The law in this area is clear. "[A]bsent fraud, duress, or undue influence * * *, agreements between shareholders which call for the purchase and sale of stock by a shareholder who dies are valid and binding" (*Matter of Gusman*, 178 AD2d 597, 598, *lv denied* 80 NY2d 753; *see, Isaacson v Beau Label Corp.*, 93 AD2d 880, *lv denied* 59 NY2d 607). Here, there is no dispute that decedent and respondent entered into a valid and enforceable agreement (*cf., Matter of Granowitz*, 150 AD2d 446). Moreover, petitioner's "allegations" of fraud on the part of decedent and respondent are based on nothing other than mere surmise and innuendo (*cf., Matter of Quandt*, 175 AD2d 433).* Under these circumstances, it was hardly an improvident exercise of discretion for Surrogate's Court to deny her motion for discovery of the corporation's financial books and records (*cf., id.; Matter of Bernstein*, 169 AD2d 719; *Matter of Granowitz, supra*).

Mercure, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Notably, there are no specific allegations of fraud before Surrogate's Court. For example, petitioner never alleges that the $10 million valuation agreed to by decedent and respondent in 1998 was itself fraudulent or that the brothers intentionally undervalued the stock at that time to defraud her. In fact, the terms "fraud" and "fraudulent" are never once used either by petitioner or her attorneys in the papers before Surrogate's Court.