In the Matter of the Estate of Max Levinson, Deceased. Pearl Benson et al., as Coexecutors of Max Levinson, Deceased, Respondents; Rita Levinson, Individually and as Executor of Paul Levinson, Deceased, Appellant. [784 NYS2d 165]—

Rose, J. Appeals (1) from an order of the Surrogate's Court of St. Lawrence County (Nicandri, S.), entered August 8, 2002, which, inter alia, partially granted petitioners' motion for summary judgment, (2) from an order of said court, entered October 3, 2002, which, inter alia, denied respondent's cross motion for, inter alia, discovery, (3) from an order of said court, entered November 20, 2002, which, upon renewal, granted petitioners' motion for summary judgment, (4) from an order of said court,

entered March 12, 2003, which, inter alia, dismissed respondents' objections, and (5) from a decree of said court, entered March 12, 2003, which, inter alia, judicially settled the intermediate accounting.

Petitioners are coexecutors of the estate of Max Levinson (hereinafter decedent) and cotrustees of a testamentary trust comprising 30% of the residue of the estate. Respondent and Paul Levinson,* the income beneficiaries of that trust, appealed a series of rulings by Surrogate's Court that, among other things, denied their request for further discovery, dismissed their objections to petitioners' intermediate accounting, decided after trial that decedent had forgiven a debt of Alan Robertson and issued an intermediate decree of judicial settlement.

We disagree that respondent and Levinson were denied proper discovery. After the probate petition was filed, the discovery device available to them was an examination under oath of the fiduciaries (*see* SCPA 2211 [2]). The examinations which occurred here—under the supervision of Surrogate's Court— belied the conclusory claims of respondent and Levinson that petitioners were woefully ignorant of the estate's assets and improperly delayed distributions. Surrogate's Court did not abuse its discretion in finding the additional discovery demands of respondent and Levinson to be moot in light of the information already furnished (*see Matter of Cetta*, 288 AD2d 814, 815 [2001], *lv denied* 97 NY2d 611 [2002]; *Matter of Tarka*, 268 AD2d 396, 397 [2000]; *Matter of Winston*, 238 AD2d 345, 345-346 [1997]).

We also find no merit in respondent's argument that because an earlier decision by a different judge as to the status of certain estate income had not been reduced to an order, it was improper for Surrogate's Court to treat that ruling as law of the case and incorporate it in the August 2002 order. The doctrine of law of the case may be applied "[w]here a court directly passes upon an issue which is necessarily involved in the final determination on the merits" (*Brown v State of New York*, 250 AD2d 314, 315, 320 [1998]). The decision being followed need not be reduced to an order before it can be given preclusive effect later in the proceeding (*see George W. Collins, Inc. v Olsker-McLain Indus.*, 22 AD2d 485, 489 [1965]; Siegel, NY Prac § 448, at 723-724 [3d ed]).

Nor can we agree that Surrogate's Court erred in failing to disqualify petitioners' counsel—who had practiced law for many

---

* Although Paul Levinson, decedent's brother, was originally a named respondent in this proceeding, he died while the appeals were pending and respondent, his wife, now appears individually and as executor of his estate.

years with decedent—under the advocate-witness rule (*see* Code of Professional Responsibility DR 5-102 [22 NYCRR 1200.21]). This rule "prohibits a lawyer from representing his [or her] client in pending litigation when he [or she] or a lawyer in his [or her] firm ought to be called as a witness on behalf of his [or her] client" (*Ellis v County of Broome*, 103 AD2d 861, 862 [1984]). Although respondent and Levinson called petitioners' counsel to testify at trial, the testimony elicited proved to be wholly immaterial on the issue of whether decedent had validly executed a declaration of gift forgiving Robertson's debt. Thus, respondent and Levinson failed to demonstrate that counsel's testimony was necessary (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 445-446 [1987]).

Also unavailing is respondent's charge that petitioners' counsel violated Real Property Law § 309-a (2) by notarizing documents which decedent had executed earlier out of counsel's presence. Because the signatures involved were not those of a subscribing witness, the relevant provision is not section 309-a (2), but rather section 309-a (1), which does not require the notary to observe the execution. Thus, the record fails to support this charge.

While we do find merit in respondent's argument that Surrogate's Court erred in failing to preclude Robertson's testimony at trial pursuant to the Dead Man's Statute (*see* CPLR 4519), the error was harmless in light of the other evidence at trial (*see Matter of Ellers*, 309 AD2d 1055, 1056 [2003]; *Huff v C.K. Sanitary Sys.*, 260 AD2d 892, 896 [1999]; *Peters v Morse*, 112 AD2d 559, 560 [1985]). The testimony of Morris Pinto, decedent's long-term accountant, as to decedent's stated intention to forgive Robertson's debt, Pinto's receipt of the executed documents forgiving the debt and his conversation with decedent concerning the gift tax consequences of the forgiveness, together with the presumed validity of duly notarized documents (*see Smith v Smith*, 263 AD2d 628, 629 [1999], *lv dismissed* 94 NY2d 797 [1999]; *Spilky v Bernard H. La Lone, Jr., P.C.*, 227 AD2d 741, 743 [1996]), furnishes sufficient evidentiary support, independent of Robertson's testimony, for the court's determination.

We have considered respondent's remaining contentions, including her claim that petitioners should have been removed as coexecutors because of "admitted acts of impropriety," and find them to be without merit.

Spain, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the orders and decree are affirmed, without costs.

