■ In the Matter of the Estate of DORIS E. GOODMAN, Also Known as DORIS ELIZABETH GOODMAN, Deceased. ROGER A. GOODMAN et al., Appellants; HUGH MECUM, as Executor of DORIS E. GOODMAN, Deceased, et al., Respondents. [790 NYS2d 599]—

Appeal from an order of the Surrogate's Court, Seneca County (Dennis F. Bender, S.), entered January 15, 2004. The order granted summary judgment to respondents, dismissing the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of petitioners, Surrogate's Court properly applied South Carolina law to determine whether money deposited in South Carolina banks should be included in the estate of Doris E. Goodman (decedent). The bank accounts were held in the names of decedent and Roger W. Goodman (respondent), jointly and with the right of survivorship. Respondent was domiciled in South Carolina and, although the death certificate of decedent listed her residence as New York, she had closed all her accounts in New York and relocated to South Carolina to live with respondent. Thus South Carolina has the more significant interest in the controversy (*see Matter of Crichton*, 20 NY2d 124, 133 [1967]; *Matter of Kugel*, 192 Misc 61, 63 [1948]; *cf. Matter of Hollweg*, 67 AD2d 1001, 1002 [1979]). Under South Carolina Code Annotated § 62-6-104, the money in joint accounts with the right of survivorship passes to the survivor unless there is a writing filed with the banking institution ascribing a different intent or "clear and convincing evidence" of a different intended distribution. Respondent met his burden of establishing that decedent intended the money to pass to him and petitioners failed to rebut that evidence through admissible evidence establishing a contrary intent. Petitioners failed to establish either that there was such a writing filed with the South Carolina banks or that respondent intended a different distribution of the money held in the accounts.

The record supports the court's finding that petitioners failed to raise an issue of fact whether respondent exerted undue influence over decedent (*see generally Matter of Walther*, 6 NY2d 49, 53-54 [1959]) under New York law. Petitioners make no argument regarding that issue under South Carolina law. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ. [*See* 1 Misc 3d 909(A), 2004 NY Slip Op 50011(U) (2004).]