Matter of Steinman (2020 NY Slip Op 02623)





Matter of Steinman


2020 NY Slip Op 02623


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2019-00149

[*1]In the Matter of Shirley Steinman, deceased. David Steinman, respondent; Ruth Merns, appellant. (File No. 1082/13)


Benowich Law, LLP, White Plains, NY (Leonard Benowich of counsel), for appellant.



DECISION & ORDER
In a probate proceeding in which David Steinman, as executor of the decedent's estate, petitioned pursuant to SCPA 2103 to recover certain personal property or its value on behalf of the decedent's estate, Ruth Merns appeals from an order of the Surrogate's Court, Westchester County (Brandon R. Sall, S.), dated November 13, 2018. The order, insofar as appealed from, denied that branch of her motion which was pursuant to CPLR 5015(a)(4) to vacate an order of the same court dated September 27, 2016, entered upon her failure to appear or answer, which, in effect, directed her to deliver to the decedent's estate the total sum of $169,471.65.
ORDERED that the order dated November 13, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The decedent, Shirley Steinman, died in November 2011, and her son, David Steinman (hereinafter the petitioner), was appointed executor of her estate in May 2013. In October 2014, the petitioner filed a petition pursuant to SCPA 2103 against Ruth Merns seeking the return of a diamond ring allegedly belonging to the decedent's estate. Merns was properly served with a citation to show cause why a turnover order should not be entered directing her to turn over the ring, or its value, to the petitioner. Merns failed to answer or otherwise appear. In an order dated May 4, 2015, the Surrogate's Court deemed Merns in default and set the matter down for an inquest. Merns failed to appear at the inquest. In an order dated September 27, 2016, the Surrogate's Court, finding that the ring had a value of $169,471.65, in effect, directed Merns to deliver that sum to the decedent's estate. Subsequently, the petitioner entered judgment against Merns and served certain enforcement devices on her.
Thereafter, Merns moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the September 27, 2016, order on the basis that the Surrogate's Court lacked personal jurisdiction over her. In an order dated November 13, 2018, the court, after a hearing on the issue of personal jurisdiction, inter alia, denied Merns's motion. Merns appeals from so much of the November 13, 2018, order as denied that branch of her motion which was pursuant to CPLR 5015(a)(4).
"The purpose of SCPA 2103 is to provide a vehicle through which the fiduciary can obtain information needed to determine the assets of the estate or the value [thereof], as well as to effectuate a return of the property to the fiduciary" (Matter of Granowitz, 150 AD2d 446, 446 [internal quotation marks omitted]). Pursuant to SCPA 2103, "[a] fiduciary may present to the court which has jurisdiction over the estate a petition showing . . . that any property . . . or value thereof which should be paid or delivered to [the fiduciary] is . . . in the possession or control of a person who withholds it from [the fiduciary], whether possession or control was obtained prior to the [*2]creation of the estate or subsequent thereto" (SCPA 2103[1][a]). "Property," as used in this section, is defined to "include any and all personal property or real property in which decedent had any interest, including choses in action" (SCPA 2103[2]).
We agree with Merns that the Surrogate's Court improperly relied on SCPA 307(2) and 309 for the purpose of determining whether personal jurisdiction over her exists under SCPA 210(2)(a). However, for other reasons, we affirm so much of the Surrogate's Court's order as denied that branch of Merns's motion which was pursuant to CPLR 5015(a)(4).
Pursuant to SCPA 210, as relevant here, the Surrogate's Court "may exercise personal jurisdiction over any non-domiciliary . . . as to any matter within the subject matter jurisdiction of the court arising from any act or omission of the non-domiciliary within the state" (SCPA 210[2][a]; cf. CPLR 302[a][2]). Here, the record evidence established that the ring is an asset that belongs to the decedent's estate, over which the Surrogate's Court has subject matter jurisdiction (see NY Const art VI, § 12[d]; SCPA 201[3]). It is undisputed that Merns borrowed and then lost the ring while she was in New York State, and Merns has not denied the petitioner's allegation that she agreed to compensate the decedent for it while she was in New York State and failed to do so. These facts are sufficient to invoke the Surrogate's Court's personal jurisdiction under SCPA 210(2)(a). Moreover, the exercise of personal jurisdiction over Merns comported with the federal constitutional due process requirements of "minimum contacts" and "traditional notions of fair play and substantial justice" (see generally D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 300 [internal quotation marks omitted]; International Shoe Co. v State of Washington, 326 US 310, 316).
Merns's remaining contentions are without merit.
Accordingly, there is no basis to disturb the Surrogate's Court's determination with respect to the issue of personal jurisdiction.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court