Matter of Qi Liu (2023 NY Slip Op 04595)

Matter of Qi Liu

2023 NY Slip Op 04595

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-04758

[*1]In the Matter of Qi Liu, deceased. Monty Liu, appellant; Lai Ping Wong Liu, et al., respondents. (File No. 460/20)

Edward S. Rudofsky, P.C. (Chapnick & Associates, P.C., White Plains, NY [Robert A. Chapnick], of counsel), for appellant.
Geng & Associates, P.C., Flushing, NY (Andrew D. Solomon of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to SCPA 702 to obtain limited letters of administration, the petitioner appeals from an order of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated June 1, 2021. The order granted the motion of Lai Ping Wong Liu and Yi Shing Liu, in effect, for summary judgment dismissing the petition, denied the petitioner's cross-motion to amend the petition, and denied the petitioner's separate motion for summary judgment on the petition.
ORDERED that the order is affirmed, with costs payable by the petitioner personally.
The petitioner, one of the decedent's four sons, commenced this proceeding pursuant to SCPA 702 to obtain limited letters of administration authorizing him to commence an inquiry pursuant to SCPA 2103 into the transfer of title to the decedent's home to the respondents, the decedent's wife and youngest son. The respondents moved, in effect, for summary judgment dismissing the petition. The petitioner cross-moved to amend the petition, and separately moved for summary judgment on the petition. In an order dated June 1, 2021, the Surrogate's Court granted the respondents' motion, and denied the petitioner's cross-motion and separate motion. The petitioner appeals.
"Section 702 of the Surrogate's Court Procedure Act provides for the issuance of limited letters of administration, which restrict or limit the holder to perform specific acts on behalf of an estate" (Matter of Bennett, 84 AD3d 1365, 1366). In addition to those bases enumerated by the statute, the court may grant limited letters for "any other purpose or act deemed by the court to be appropriate or necessary in respect of the affairs of the estate, the protection thereof or to the proper administration thereof" (SCPA 702[10]), which may include the commencement of a discovery proceeding pursuant to SCPA 2103 (see Matter of Teah, 166 Misc 2d 976, 978 [Sur Ct, Bronx County]). "The purpose of SCPA 2103 is to 'provide a vehicle through which the fiduciary can obtain information needed to determine the assets of the estate or the value [thereof], as well as to effectuate a return of the property to the fiduciary'" (Matter of Granowitz, 150 AD2d 446, 446, quoting Matter of Laflin, 128 Misc 2d 348, 349 [Sur Ct, Nassau County]).
Here, the respondents submitted documentary evidence establishing that the decedent and his wife originally purchased the home as tenants by the entirety, and that the decedent subsequently transferred his partial ownership interests to his wife and to his youngest son through deeds executed in 2007 and 2011, retaining a life estate. Thus, even assuming an inquiry pursuant to SCPA 2103 could ultimately result in the subsequent transfers being set aside, the proceeding could not serve to "identify and marshal estate assets and effectuate their return" (Matter of Fialkoff [Green], 45 Misc 3d 1205[A], 2014 NY Slip Op 51465[U], *3 [Sur Ct, Queens County]; see Matter of Granowitz, 150 AD2d 446). Rather, if the transfers were set aside, the property would pass to the decedent's wife by operation of law (see EPTL 6-2.2[b]; Ciaccio v Wright-Ciaccio, 211 AD3d 900, 902; Cormack v Burks, 150 AD3d 1198, 1199). In response, the petitioner failed to raise an issue of fact. Moreover, the Surrogate's Court properly concluded that no inquiry based on the alleged wrongful transfers was justified, since any potential causes of action raised by the petitioner would be time-barred (see Matter of Kraus, 208 AD2d 728, 729).
Accordingly, the Surrogate's Court properly concluded that the issuance of limited letters to investigate the transfer was "not 'appropriate or necessary in respect of the affairs of the estate'" (Matter of Seward, 118 AD3d 1312, 1314, quoting SCPA 702; see Matter of Goodman, 1 Misc 3d 909[A], 2004 NY Slip Op 50011[U] [Sur Ct, Seneca County], affd 15 AD3d 938). The petitioner's allegations in support of amending the petition similarly did not justify the issuance of limited letters of administration.
IANNACCI, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court