Matter of Shannon (2025 NY Slip Op 04129)

Matter of Shannon

2025 NY Slip Op 04129

Decided on July 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 10, 2025

CV-23-2203
[*1]In the Matter of the Estate of John P. Shannon Sr., Deceased. Deborah Shannon, as Executor of the Estate of John P. Shannon Sr., Deceased, Respondent; Patrice Shannon, Appellant. (And Another Related Proceeding.)

Calendar Date:June 4, 2025

Before:Egan Jr., J.P., Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ.

King, Adang & Arpey, Saratoga Springs (Anthony P. Adang of counsel), for appellant.
The Dalton Law Firm, LLC, Saratoga Springs (Alisa M. Dalton of counsel), for respondent.

Fisher, J.
Appeal from an order of the Surrogate's Court of Saratoga County (Tatiana Coffinger, S.), entered September 7, 2023, which, in two proceedings pursuant to SCPA 2103, denied respondent's motion to dismiss the petitions.
In 2003, John P. Shannon Sr. (hereinafter decedent) purchased a home in the City of Saratoga Springs, Saratoga County and subsequently deeded respondent, his daughter, a joint tenancy interest with a right of survivorship. Respondent was and remains a resident of Florida, and did not live in the home, which was encumbered by a mortgage and a line of credit. Following an apparent dispute, decedent severed the joint tenancy terminating respondent's right of survivorship, resulting in a tenancy in common. Decedent died in 2022 survived by his three children, leaving his one-half interest in the home as the only asset of the estate. The home was then sold by respondent and petitioner, one of decedent's children and the executor of his estate.
Thereafter, petitioner, on behalf of the estate, filed two petitions pursuant to SCPA 2103 against respondent. The first petition sought an order compelling respondent to turn over one-half of the expenses and payments made with respect to the home's maintenance, mortgage, line of credit and other upkeep during her co-ownership of the home. The second petition sought an order directing respondent to attend and be examined regarding the home's expenses during the same time period. Respondent moved to dismiss the petitions pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction, arguing that petitioner failed to pay the requisite witness fee and, therefore, service of process was improper. Petitioner submitted opposition, and Surrogate's Court denied the motion. Respondent appeals.
We affirm. Respondent contends that service via certified mail was not authorized under the CPLR and was therefore insufficient to confer personal jurisdiction over her. However, this argument was not made before Surrogate's Court and is impermissibly raised for the first time on appeal (see Matter of Colihan v State of New York, 211 AD3d 1432, 1435 [3d Dept 2022]), and is otherwise without merit because the procedure under the SCPA governs under these circumstances (see SCPA §§ 102, 210 [2] [a]; 307 [2]; Matter of Steinman, 183 AD3d 588, 590 [2d Dept 2020]; Re v Truck-A-Tune, Inc., 191 AD2d 327, 327-328 [1st Dept 1993]). Since respondent did not raise any challenge concerning the witness fee ruling by Surrogate's Court, such contention is deemed abandoned (see Currie v Oneida Health Sys., Inc., 222 AD3d 1284, 1291 [3d Dept 2023]). We have examined the parties' remaining contentions and have found them to be without merit or rendered academic.
Egan Jr., J.P., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.