In the Matter of the Estate of MARGARET A. GARLOCK, Deceased.

Surrogate's Court, Erie County, December 20, 1935.

*Jay T. Barnsdall, Jr.,* for the executor, Henry I. Garlock.

*James V. Walsh,* executor, in person.

*Falk, Phillips, Twelvetrees & Falk* [*Rhoda V. Lewis* of counsel], for the contestants.

*Harold L. Bodamer,* special guardian.

HART, S. The deceased had several accounts in her name in the Irish American Savings and Loan Association of Buffalo, N. Y., which she caused to be changed into the name of herself and her husband, Henry I. Garlock. The signature books of the association were introduced in evidence, and proof given as to what transpired at the time of the change. As changed, these accounts read " Margaret A. Garlock and Henry I. Garlock, either to draw, survivor to take."

On April 14, 1933, during her last illness, Mrs. Garlock caused the funds in these joint accounts to be transferred to an account in her name alone.

Section 249 of the Banking Law of the State of New York provides in part: " When a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit and any additions thereto made by either of such persons after the making thereof, shall become the property of such persons as joint tenants, and the same together with all dividends thereon shall be held for the exclusive use of such persons and may be paid to either during the lifetime of both or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge to such savings bank for all payments made on account of such deposit prior to the receipt by such savings bank of notice in writing not to pay such deposit in accordance with the terms thereof. The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor."

One of the questions presented is whether or not the Irish American Savings and Loan Association comes within the purview of section 249, in so far as joint deposits are concerned.

Section 411 of the Banking Law provides in part: " Every savings and loan association shall be deemed an institution for savings, and neither it nor its property shall be taxable under any law which shall exempt savings banks or institutions for savings from taxation."

In as much as both savings banks and savings and loan associations are institutions where money is deposited for the purpose of saving, this court holds that section 249 applies to savings and loan associations as well as savings banks.

Upon all the evidence produced, this court finds that Margaret A. Garlock and Henry I. Garlock were joint tenants, and that the title to these deposits totalling the sum of $1,495.52, and which is now in account No. 9232 at the Irish American Savings and Loan Association, was vested in Henry I. Garlock as survivor at the date of the death of the deceased herein. (See *Moskowitz* v. *Marrow*, 251 N. Y. 380.)

This court also believes that the evidence produced in this case is sufficient to vest the title to the account in the husband under common-law principles. (See *O'Connor* v. *Dunnigan*, 158 App. Div. 334; affd., 213 N. Y. 676.)

Let a decree enter accordingly.