In the Matter of the Estate of WILLIAM A. ANDERSON, Deceased.

Surrogate's Court, New York County, July 20, 1954.

*Sullivan & Cahill* for Helen Byrne, as administratrix of the estate of William A. Anderson, deceased, petitioner.

*Donato Di Palo* for Harriet Cummings and another, respondents.

FRANKENTHALER, S.  The subject of this discovery proceeding is a savings bank account that on decedent's death was in his name in trust for respondent, one of his four children.  The petitioning administratrix contends that it was the intestate's declared intention that the proceeds of the bank account be used for his burial expenses and the residue be equally divided among his four children.  Respondent claims title to the account.

The deposit by decedent of his money in his name in trust for respondent created a tentative trust revocable at decedent's will until his death or the completion of the gift in his lifetime by an unequivocal act or declaration such as a delivery of the

passbook (*Matter of Totten*, 179 N. Y. 112, 126). The acknowledged fact is that decedent retained possession of the passbook in his lifetime. An act or declaration of decedent that would convert the tentative trust to an irrevocable trust was not proved (*Tierney* v. *Fitzpatrick*, 122 App. Div. 623, reversed on other grounds 195 N. Y. 433). The respondent's right to the proceeds of the account rests upon the presumption in favor of an absolute trust that arises upon a depositor's death in the absence of proof of either a revocation of the trust or of some decisive act or declaration of disaffirmance by the depositor (*Matter of Totten, supra*).

Decedent had lived apart from his family for many years and during that time there had been no communication between him and his wife and four children. On January 8, 1952, decedent's wife then being dead, he unexpectedly visited the home of petitioner, one of his daughters, and on the same day he visited the home of respondent, another daughter. All decedent's children are agreed that at the time of such visits decedent exhibited four savings bank passbooks, that he expressed his intention to provide each of his four children with an equal share of the total deposits in such books, that he had the children draw lots for the passbooks, that he then expressed his intention to equalize the amounts on deposit in the respective books in order that the children would be treated equally and that he retained possession of the books. These undisputed facts are substantiated by the further proof that on January 21, 1952, decedent changed the form of the four accounts so as to create a separate Totten trust account for each of his four children and at the same time he made the withdrawals and deposits necessary to make the amounts on deposit in the respective banks fairly equal sums. At that date, as a result of the adjustments by decedent, the balances in the four accounts were $5,000, $5,000.36, $5,001.67 and $5,030.31. On June 2, 1952, decedent withdrew $250 from one account and on August 6, 1952, he deposited $30 in a second account and $20 in each of the other two accounts. Between August 6th and decedent's death on August 23d there were no other transactions in the accounts. There is no dispute as to the facts relevant to these four trust accounts and the children recognize that on decedent's death there existed four irrevocable trusts for their respective benefits. The recited facts as to these four accounts are of significance in considering the claims to a fifth account which is the subject of this proceeding.

On January 8, 1952, at the time decedent expressed his intention to provide his children equal interests in the four accounts, he also told them that he had a fifth account which he was reserving for his own use and for the expenses of his burial. He then stated that any excess in that account not needed for the latter purpose was to be divided equally among his children. There was testimony that decedent expressed the opinion that such arrangement would avoid the retention of a lawyer on his death. Following decedent's death it was learned that the fifth account was in decedent's name in trust for respondent. The bank records disclose that the account was placed in the Totten trust form on January 21, 1952, the same date on which decedent effected the changes in form and the equalization of the other four accounts. After decedent's funeral respondent paid the funeral bill from this account, an act consistent with decedent's expressed intention, but she then transformed the account to one in her name in trust for her husband.

Decedent's purpose to treat his children with impartiality and his intention to effect an equal distribution of his assets among his children is borne out by the evidence. That very result would have been accomplished by operation of the law of distribution had decedent died intestate as to all his assets but decedent had sought to avoid an administration of his estate and so to arrange his affairs that his assets would pass to his children outside of his estate. His avowed purpose was to dispense with the services of lawyers in connection with his assets. In the latter respect he failed but it is not to be said that his purpose as to the ultimate distribution of his assets has failed.

The administratrix of this estate is entitled to the proceeds of the account in dispute only upon proof of a disaffirmance by decedent of the irrevocable trust that presumptively exists by reason of the form of the account. The evidence does not prove such a disaffirmance but, to the contrary, establishes decedent's intent to have the proceeds of the account paid to respondent so that she in turn could pay the funeral expenses and thereafter distribute any balance among herself and the other children. In order for respondent to acquire the moneys in the account and to carry out the wishes of decedent it was essential that she, and not the administratrix, receive the account proceeds and that the form of the account, as a Totten trust, be operative. Decedent imposed a trust upon such proceeds and it was respondent's duty, as trustee, to fulfill the terms of the trust by payment of the funeral bill and division of the balance among the children. Such trust duties never

devolved upon the administratrix. Title to the proceeds of the account resided on decedent's death in respondent as trustee. The administratrix, as the representative of the estate, does not have an interest in the trust. No part of the account proceeds is sought to meet charges against the estate (cf. *Beakes Dairy Co.* v. *Berns,* 128 App. Div. 137; *Matter of Haggerty,* 38 N. Y. S. 2d 433; *Matter of Geraghty,* N. Y. L. J., May 7, 1953, p. 1535, col. 7, and *Matter of Temchin,* N. Y. L. J., April 28, 1953, p. 1411, col. 1), the funds are not required to effectuate testamentary directions in a will of a testator (cf. *Matter of Coyle,* 200 Misc. 421) and this is not a proceeding to recover property in the possession of an estate representative (cf. *Matter of Albert,* N. Y. L. J., Aug. 17, 1949, p. 275, col. 6). In short, the success or the failure of petitioner in this proceeding will not affect the administration of the estate. Whatever may be the obligations of respondent as a trustee, this court is without jurisdiction to enforce the trust by this discovery proceeding (*Matter of Jagodzinska,* 272 App. Div. 660, 663; *Matter of Lyon,* 266 N. Y. 219; *Matter of McAdams,* N. Y. L. J., Oct. 28, 1953, p. 912, col. 4).

Two of decedent's children who may be claimants to interests in the fund are not parties to this proceeding. While section 205 of the Surrogate's Court Act (as amd. by L. 1939, ch. 343) confirms the authority of the Surrogate to bring adverse claimants into a discovery proceeding, it has been held that, upon a finding that the estate is not entitled to delivery or payment, issues between respondents must be remitted to a court having jurisdiction to try disputes between individual parties (*Matter of Jacobsen,* 178 Misc. 479, 486). It thus appears that if all parties necessary for a complete determination of the issues were before the court jurisdiction still would be lacking for such a determination.

The petition is dismissed. Submit decree on notice.