In the Matter of the Estate of CARMELA CLEMENTE, Deceased.

Surrogate's Court, Bronx County, January 19, 1955.

*Harry Grayer* for Josephine Pierleoni, as administratrix of the estate of Carmela Clemente, deceased, petitioner.

*Salvatore A. Locurto* for Jennie De Negris, respondent.

McGRATH, S. The petition in this discovery proceeding alleges that " Some time before the death of the above named decedent, the decedent delivered to petitioner a box or container containing * * * jewelry, the property of decedent, for safekeeping with instructions to petitioner to distribute the * * * jewelry to petitioner, her brother Louis, son of decedent, and her sister Jennie De Negris, daughter of decedent."

In an affidavit opposing a motion to dismiss the petition, the attorney for the administratrix alleges that the jewelry was " to be distributed to the children of the decedent, the intention being that such distribution be made after decedent's death."

The petition further alleges that prior to the decedent's death, the petitioner delivered the jewelry to the respondent " for safekeeping and for eventual distribution in accordance with the wishes of the decedent," and that the respondent " neglected and refused to make distribution of the same according to decedent's wishes."

From all of the foregoing, it is obvious that a trust was imposed for the benefit of three of the decedent's six distributees upon the property covered by those statements (*Matter of McAdams*, N. Y. L. J., Oct. 28, 1953, p. 913, col. 4). As a result, title to this property does not reside in the petitioner as administratrix, since the administratrix, as the estate representative does not have any interest in the trust, creditors' rights not being involved (*Matter of Anderson,* 206 Misc. 631). Furthermore, the said allegations of the administratrix deprive the court of power to act herein since a Surrogate's Court has no jurisdiction to determine the ultimate distribution of personal property impressed with such a trust (*Matter of McAdams, supra; Matter of Anderson, supra*).

Since the petition alleges that the respondent has in her possession " other assets belonging to decedent," the petitioner is entitled to examine the respondent as to these matters. Accordingly this matter is restored to the calendar of the court for this purpose on February 7, 1955, at ten o'clock A.M.

The motion to dismiss the petition and the cross motion to strike out the answer will be held in abeyance until the completion of such examination.

Proceed accordingly.