Edgar F. Hazleton, S.
In this proceeding to settle an administrator’s account, an answer has been filed objecting to the inclusion in the estate of two bank accounts which are claimed by the objectant. One account is in the Union Savings Bank of Patchogue, under the designation “ Anna Palecek and Mary Field, payable to either or the survivor ’ ’. The other account is in the Sayville Federal Savings and Loan Association under the designation ‘ ‘ Anna Palecek and/or Mary Field as joint tenants with right of survivorship and not as tenants in common ”. The Anna Palecek named in both accounts is the decedent herein and Mary Field is the claimant to said accounts.
With respect to the Union Savings Bank account, no problem is presented. Its disposition is clearly governed by the provisions of section 239 (subd. 3) of the Banking Law, which in the absence of fraud or undue influence, conclusively establishes the intent to vest title to the deposit in the survivor. The eases which unswervingly follow this rule are numerous. (Cf. Marrow *790 v. Moskowitz, 255 N. Y. 219.) There being no evidence of fraud or undue influence, I hold that title to the account in the Union Savings Bank of Patchogue vests in the claimant, Mary Field.
As to the account in the Sayville Federal Savings and Loan Association, a different situation exists. Section 239 of the Banking Law, referring as it does only to savings banks in the State of New York, can have no application. There appears to be no statutory provision similar in content to that of section 239 (subd. 3) applicable to a Federal savings and loan association. The case of Matter of Garlock (157 Misc. 571) cited by the claimant, affords her no support since it relates to a New York State chartered institution and not to a Federally chartered bank such as the Sayville Federal Savings and Loan Association. Hence, a determination of the question must depend upon what the evidence shows to be the intent of the decedent.
The reasonable inference to be drawn from the proof presented is that the decedent created the account in the joint names of herself and Mary Field in order to enable the claimant to have access to the fund if and when needed for the care, medical attention or hospitalization of the decedent. The bankbooks at all times were retained by the decedent. The testimony indicates that decedent stated that the joint account was established so that Mrs. Field “ could do things ” for the decedent. The claimant, according to the proof, stated at the time of the discovery of the bankbooks, that the money, was not hers. She informed Mr. Tuck, attorney for the administrator, according to his testimony, that the money did not belong to her and had been put in a joint account solely for convenience.
I am unable to ignore this evidence of the decedent’s intent solely on the unsupported contrary testimony of the claimant, and therefore am constrained to hold that title to the account in the Sayville Federal Savings and Loan Association vests in the estate.
Proceed accordingly.