Joseph A. Cox, S.
The administrator instituted this proceeding to recover money upon the person of the decedent, deposits in banks, stocks, articles of personal property, household goods and wearing apparel. The respondent filed an answer which contains general denials and affirmative allegations that she is the owner of two bank accounts, one in a savings bank and the other in a savings and loan association. The allegations are that each of these accounts was in the joint names of the decedent and the respondent and the savings bank account was payable to the survivor. The general denials created no issue and, in such respect, were the equivalent of a default in answering (Surrogate’s Ct. Act, § 206). The issues raised by the claim of ownership of the bank accounts have been tried.
Section 239 of the Banking Law provides that a deposit in two names in a form to be paid to either or the survivor of such persons shall become the property of these persons as joint tenants and the form of the deposit shall be conclusive evidence, in the absence of fraud or undue influence, of the intention of the depositors to vest title in the survivor. This statute refers to deposits in savings banks but it has been held to be applicable to deposits with a savings and loan association chartered by the State of New York (Matter of Garlock, 157 Misc. 571; Matter of Palecek, 9 Misc 2d 789). The statute has been interpreted numerous times and among the leading decisions are Moskowitz v. Marrow (251 N. Y. 380), Matter of Fenelon (262 N. Y. 57) and Matter of Juedel (280 N. Y. 37). The later decision in Matter of Creekmore (1 N Y 2d 284) dealt with questions of incapacity, lack of volition and mistake and this opinion was concerned particularly with the burden of proof when evidence has been adduced that a decedent lacked the capacity to recognize the significance of the form of the account. Matter of Daly (2 Misc 2d 570) involved a fact situation which established that the decedent did not consciously create a joint account.
In the case at bar there was no evidence of fraud or undue influence to overcome the conclusive presumption established by the Banking Law. In fact there was evidence that the decedent intended the respondent to obtain the proceeds of the account upon his death in order that she might then disburse such pro *429 eeeds in accordance with the instructions he had given to her. This is recognized in the memorandum which the petitioner has submitted to the court (cf. Hettich v. Hettich, 304 N. Y. 8, 13-14). The purpose of the testator to permit the respondent to collect the accounts, whether for her own use or as his agent or trustee, is fully consistent with the creation of joint accounts as the most effective means of placing the funds in the possession of the respondent. The respondent, as an agent or trustee, may be obligated to carry out an agreement made with the decedent but that is a matter between the respondent and the individuals whom the decedent intended to benefit and any such liability may not be enforced by the administrator in this discovery proceeding (Matter of Anderson, 206 Misc. 631). Persons who are not parties to this proceeding may have a cause of action against the respondent but the petitioner, as administrator of the property of the decedent, has not established that the proceeds of the bank accounts are estate assets (Matter of Jagodzinska, 272 App. Div. 660, 663; Matter of Lyon, 266 N. Y. 219).
The petitioner has presented arguments to the effect that the evidence fails to establish a gift but that issue is not in the case inasmuch as it is not an issue either raised by the pleadings or relied upon by the respondent at the trial. The petition, insofar as it seeks recovery of the proceeds of the bank accounts above referred to, is dismissed.