■ In the Matter of ARTHUR REICH, as Executor of JOHN A. DUNBAR, Deceased, Respondent. RUTH D. FLOOD, Appellant.—Order, Surrogate's Court, New York County, entered April 30, 1975, denying respondent-appellant's motion for summary judgment, unanimously reversed, on the law, without costs and without disbursements, the motion granted and the petition dismissed. The petition in this proceeding alleges that Ruth Dunbar Flood is wrongfully in possession of *objets d'art* belonging to the estate of her father, John Atkinson Dunbar. Respondent received a letter in August, 1969 from her father's attorney demanding return of certain items of personalty. Respondent rejected the claim. In April, 1970 her father requested $2,500 from her, which she gave him "in full settlement of any and all claims" against her. In addition, the father signed a release. Between 1970 and the father's death in 1974, he took no further action to recover these items. In September, 1974, the executor, in marshaling the assets of the estate, claimed that the personal property in question belonged to the father and should be returned. After joinder of issue, which included a counterclaim by the daughter in the amount of $29,238.50 for moneys advanced to the decedent and for payment of his funeral expenses, the daughter moved for summary judgment. The motion was denied by the Surrogate. We would reverse. It is patently clear that, on a motion such as this, the parties must lay bare their evidentiary proof in order for the court to determine if a bona fide factual dispute exists warranting a plenary suit. The respondent submitted such proof in the form of documentary evidence which included the release and the canceled check. The estate, on the other hand, submitted no proof of an evidentiary nature. The estate sought recovery of the art objects in question on a theory of fraud and duress, the deceased having executed a written release of any claims against his daughter in consideration of her payment to him of $2,500. The art work

which she retained was allegedly valued at far in excess of $2,500; however, such valuation was submitted in letter form by an alleged expert who never viewed the items in question, nor was any concrete dollar value assigned. The only other submissions were affidavits of attorneys couched in conclusory terms not establishing the elements of fraud or duress. This was the state of the record even after the Surrogate allowed an adjournment for the submission of further affidavits which "should contain facts." The absence of such facts mandates reversal and a grant of summary judgment to Ruth Dunbar Flood. We parenthetically note that, in any event, the respondent is entitled to summary judgment because of the bar of the Statute of Limitations, which bar was alleged as an affirmative defense. An action in replevin must be commenced within three years (CPLR 214, subd 3). Demand for recovery of the art items was made in 1969 and the present action is therefore time-barred. Concur—Markewich, J. P., Kupferman, Capozzoli, Lane and Nunez, JJ.