■ In the Matter of NORSTAR TRUST COMPANY, Formerly SECURITY TRUST COMPANY, as Executor of MAY BELLINGHAM, Deceased.—Order unanimously reversed on the law without costs, motion granted, and petition dismissed. Memorandum: The Surrogate erred in denying the motion to dismiss the petition. The proceeding is one seeking discovery and the recovery of money and other personal property pursuant to SCPA 2103. The petition alleges no fraud or other bad-faith conduct on the part of appellant nor does it allege the four requirements for the imposition of a constructive trust *(see, Sharp v Kosmalski,* 40 NY2d 119, 121).

A discovery proceeding commenced pursuant to SCPA 2103 has been likened to a replevin action, which has a Statute of Limitations of three years (CPLR 214 [3]). In the absence of fraud, that time-limiting provision applies in a discovery proceeding *(Matter of Dunbar,* 49 AD2d 858, 859; *Matter of Laflin,* 128 Misc 2d 348, 349). In the period October 4, 1977 to November 22, 1980, various transfers of money and personal property were made by petitioner's decedent to appellant, William R. Schuster. The petitioner alleges that it became aware of the facts and circumstances concerning various transfers of money and other personal property between decedent and Schuster, in March 1982. Letters testamentary were issued to Norstar Trust Company on July 9, 1982. This action was commenced nearly four years later and is, therefore, time barred. (Appeal from order of Monroe County Surrogate's Court, Ciaccio, S.—dismiss petition.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.