■ In the Matter of the Estate of MARTIN KRAUS, Deceased. GAIL K. ROGAL, Respondent; ANNE K. RUBENFELD et al., Appellants, et al., Respondent. [617 NYS2d 817] —In a discovery proceeding pursuant to SCPA 2103 to compel Anne Kraus Rubenfeld, Martin Rubenfeld, Jerome Wechsler, Kermit Kraus, M. Kraus, Inc., Park West Supply Corp., VMK Mechanical Corp., AMR Devices Inc., East Side Enterprises, and 17 East 71st Street Realty Co. to be examined and produce records, Anne Rubenfeld appeals, and Martin Rubenfeld, Jerome Wechsler, Kermit Kraus, M. Kraus, Inc., Park West Supply Corp., VMK Mechanical Corp., AMR Devices Inc., East Side Enterprises, and 17 East 71st Street Realty Co. separately appeal from (1) an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated August 27, 1991, which, *inter alia,* denied their respective motions to dismiss the proceeding and (2) as limited by their briefs, an order of same court, dated May 13, 1992, which, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order dated August 27, 1991, is dismissed as that order was superseded by the order dated May 13, 1992, made upon reargument; and it is further,

Ordered that the order dated May 13, 1992, is reversed insofar as appealed from, on the law, the order dated August 27, 1991, is vacated, the motions are granted, and the proceeding is dismissed; and it is further,

Ordered that the appellants appearing separately and filing separate briefs are awarded one bill of costs payable by the petitioner-respondent.

Martin Kraus (hereinafter the decedent) died on August 21, 1984. His will was probated and, after specific assets of his estate were devised, the decedent left the remainder of his estate equally to his two daughters, Gail Kraus Rogal (hereinafter the petitioner) and Anne Kraus Rubenfeld, and appointed them as co-executrixes. On February 29, 1991, the petitioner commenced this proceeding pursuant to SCPA 2103 against Anne Rubenfeld, Anne's husband Martin Rubenfeld, and various partnerships and corporations in which the petitioner believed that the decedent had an interest to, *inter alia,* compel the production of records to discover assets.

The Statute of Limitations for a discovery proceeding in the Surrogate's Court is governed by the Civil Practice Law and

Rules (see, SCPA 102). Generally, the Statute of Limitations for a discovery proceeding is the three year Statute of Limitations provided under CPLR 214 (3) for replevin and conversion actions. The Statute of Limitations for a discovery proceeding in which fraud is alleged is six years from the commission of the wrong or two years from the discovery of the fraud or the date on which it could reasonably have been discovered, whichever is later (see, CPLR 203 [f]; 213 [8]). Fraud must be pleaded with particularity (see, CPLR 3016 [b]).

Here, the petitioner alleged, inter alia, that a contract between the decedent and Anne and Martin Rubenfeld executed on January 1, 1980, was illusory, that the decedent was incompetent when he executed this agreement, and that a lease agreement between respondents East Side Enterprises and M. Kraus, Inc., executed on April 1, 1980, was unconscionable. The petitioner further alleged that the Rubenfelds and respondent Wechsler obtained possession of the decedent's assets through fraud and undue influence, converted the decedent's money for their own use, and breached their fiduciary duties.

The petitioner was provided with copies of documents related to the decedent's estate, including the January 1, 1980 contract of sale and the April 1, 1980 lease agreement, sometime between October of 1984 and April of 1985. We find that the Statute of Limitations for fraud expired in either 1986, which was six years from the date the agreements were executed (see, CPLR 213 [8]), or at the latest, in April of 1987, which was two years from the date that the petitioner was provided with enough information to discover the alleged fraud (see, CPLR 203 [f]; 213 [8]). Furthermore, to the extent that the petitioner claims that other transactions between the respondents and the decedent were fraudulent, any alleged fraud had to have occurred prior to August 21, 1984, the date the decedent died. Thus, the six year Statute of Limitations expired on August 21, 1990. Because this proceeding was commenced in 1991, the petitioner cannot compel discovery. Thompson, J. P., Sullivan, Friedmann and Krausman, JJ., concur.