■ In the Matter of LEHA S. NESHEWAT, Deceased. MAURICE J. SALEM, Respondent; MICHAEL NESHEWAT, Appellant. [656 NYS2d 911] —In a discovery proceeding pursuant to SCPA 2103, Michael Neshewat appeals, as limited by his brief, from so *much* of an order of the Surrogate's Court, Dutchess County (Bernhard, S.), dated February 6, 1996, as denied that branch of his motion which was to dismiss the cause of action to re-

cover money of the decedent alleged to have been converted by him as barred by the Statute of Limitations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to dismiss the cause of action to recover allegedly converted money is granted, and that cause of action is dismissed.

Generally, the Statute of Limitations applicable to a discovery proceeding is the three-year Statute of Limitations under CPLR 214 (3) for replevin and conversion actions *(see, Matter of Kraus,* 208 AD2d 728; *Matter of Bellingham,* 132 AD2d 973). Contrary to the conclusion reached by the Surrogate's Court, the claim here was not based upon a theory of quasi-contract, but upon conversion. As the instant proceeding was not commenced within the required three years, the claim for conversion of money must be dismissed as time-barred. Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.