■ In the Matter of the Estate of ANN E. WITBECK, Deceased. CLARK E. LEFEBVRE, as Administrator of the Estate of ANN E. WITBECK, Deceased, Respondent; FRANK J. LAFAY et al., Appellants, et al., Respondents. [666 NYS2d 315] —Crew III, J. P. Appeal from a decree of the Surrogate's Court of Albany County (Marinelli, S.), entered March 31, 1997, which, *inter alia*, denied a motion by respondents Frank J. LaFay and Michelle J. Ferraro to dismiss the petition against them.

Decedent, Ann E. Witbeck, died intestate on August 27, 1990. Prior thereto, in February 1979, decedent's grandniece, Gale Shea, had been appointed conservator of decedent's property, including decedent's real estate and bank accounts. Thereafter, in June 1983, Shea used $300,000 of conservatorship funds to purchase an annuity and named herself the sole beneficiary thereof. Upon the death of the annuitant (decedent's son and Shea's uncle), Shea received the proceeds of the annuity and thereafter proceeded to disburse a portion thereof to her father, respondent Frank J. LaFay, and her sister, respondent Michelle Ferraro (hereinafter collectively referred to as respondents). Specifically, the record indicates that LaFay received $40,000 from Shea in October 1990 and an additional $20,000 approximately six months later. Similarly, Ferraro received $35,000 from Shea in 1990 and an additional $20,000 in 1991.

After letters of administration were issued by Surrogate's Court on June 24, 1992, petitioner requested that Shea file a final accounting of her proceedings as conservator. Shea refused to do so and in December 1993, following a series of hearings, Supreme Court (Conway, J.) determined that petitioner was entitled to judgment in the amount of $792,754.43, representing the moneys for which Shea had been unable to adequately account. Thereafter, in June 1996, petitioner commenced this proceeding against respondents in Surrogate's Court seeking, *inter alia*, the return of decedent's property. Also named as respondents were Ihor Evanick, Shea's attorney, and her spouse, James Shea. Respondents and Evanick subsequently moved to dismiss the petition contending, *inter alia*, that this proceeding was time barred.[1] Supreme Court granted Evanick's motion and denied respondents' motion, and this appeal ensued.

On appeal, respondents contend that Surrogate's Court erred in failing to conclude that this matter is time barred. We cannot agree. As a starting point, we acknowledge that petitioner did indeed seek a discovery order pursuant to SCPA 2103 and, further, that other courts have likened such a proceeding to an action for conversion or replevin and applied a three-year Statute of Limitations (*see, e.g., Matter of Neshewat*, 237 AD2d 524; *Matter of Norstar Trust Co.*, 132 AD2d 973, *lv denied sub nom. Matter of Bellingham*, 70 NY2d 614). The cited cases, however, are not dispositive of the primary issue before us on appeal. Although petitioner indeed sought a discovery order pursuant to

---

1. Shea's spouse does not appear to have moved for dismissal; indeed, it is not clear from the record whether he appeared in this matter.

SCPA 2103, the crux of the petition is that respondents are in possession of funds properly belonging to decedent's estate and that they should not in good conscience be permitted to retain such moneys. Thus, ultimately, our inquiry distills to whether petitioner has stated a cause of action upon which relief may be granted and, if so, what Statute of Limitations applies. In this regard, based upon our review of the record, we cannot say that Surrogate's Court abused its discretion in finding that the subject petition stated a cause of action sounding in quasi-contract and, hence, was subject to a six-year Statute of Limitations.

Although Surrogate's Court found that petitioner had stated a cause of action for unjust enrichment, "[t]he term 'unjust enrichment' does not signify a single well-defined cause of action" (22A NY Jur 2d, Contracts, § 512, at 226). Rather, such an action is for restitution or based upon quasi-contract (*id.*). An action based upon quasi-contract, in turn, may take various forms including, insofar as is relevant to this appeal, an action for money had and received. Although an action for money had and received "is recognized as an action in implied contract, the name is something of a misnomer because it is not an action founded on contract at all; it is an obligation which the law creates in the absence of agreement when one party possesses money that in equity and good conscience he ought not to retain and that belongs to another" (*Parsa v State of New York*, 64 NY2d 143, 148). While dependent upon equitable principles "in the sense that broad considerations of right, justice and morality apply to it", an action for money had and received has long been considered an action at law (*id.*). As to pleading requirements, the essential elements for this cause of action are that "(1) the defendant received money belonging to [the] plaintiff, (2) the defendant benefited from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money" (22A NY Jur 2d, Contracts, § 520, at 244).

Here, although the petition admittedly does not expressly recite the phrases "unjust enrichment" or "action for money had and received", the relevant inquiry is whether petitioner has a cause of action, not whether he has stated one (*see, Guggenheimer v Ginzburg*, 43 NY2d 268, 275). In our view, the petition and the documents annexed thereto are sufficient to allege that respondents received moneys belonging to decedent, that respondents benefited from the receipt of such moneys and that respondents should not in good conscience be permitted to retain such moneys. Further, as the record indicates

that Shea made disbursements to respondents from the proceeds of the annuity in 1990 and 1991, we are unable to conclude at this juncture that the petition is subject to dismissal upon Statute of Limitations grounds.[2] Respondents' remaining contentions have been examined and found to be lacking in merit.

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the decree is affirmed, with costs.

2. The record plainly reveals that this matter, commenced in June 1996, is not time barred as to LaFay, who received funds in October 1990 and six months thereafter. With respect to Ferraro, this matter clearly is timely with respect to the funds that she received in 1991. As the record before us is silent as to when Ferraro received the initial disbursement from Shea in 1990, we cannot say that petitioner's claim as to those funds is time barred.