■ In the Matter of the Estate of BERNARD JACOBS, Deceased. KAREN JACOBS LAUDER, Appellant; INGRID ANDERSSON JACOBS et al., Respondents. [826 NYS2d 904]—

In a discovery proceeding pursuant to SCPA 2103, the petitioner appeals from an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated March 25, 2004, which denied her motion to add Teacher's Insurance and Annuity Association-College Retirement Equities Fund as a party to the proceeding, and for a preliminary injunction to prohibit the respondent Ingrid Andersson Jacobs, and Teacher's Insurance and Annuity Association-College Retirement Equities Fund from, inter alia, transferring any assets held by the latter in the name of the deceased or the respondent Ingrid Andersson Jacobs.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the petitioner's motion which was to add Teacher's Insurance and Annuity Association-College Retirement Equities Fund as a party, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The petitioner correctly contends that the Surrogate's Court improperly denied as time-barred that branch of her motion which was to add Teacher's Insurance and Annuity Association-College Retirement Equities Fund (hereinafter TIAA-CREF) as a party to this discovery proceeding, which was

originally commenced on or about May 10, 1993. "Generally, the Statute of Limitations applicable to a discovery proceeding is the three-year Statute of Limitations under CPLR 214 (3) for replevin and conversion actions" (*Matter of Neshewat*, 237 AD2d 524, 525 [1997]; *see Matter of Kraus*, 208 AD2d 728 [1994]; *Matter of Bellingham*, 132 AD2d 973 [1987]). That period, which is applicable to this case, is subject to CPLR 210, a tolling provision which serves to extend the relevant limitations period (*see Roldan v Allstate Ins. Co.*, 149 AD2d 20, 31 [1989]). In this regard, both the petitioner and TIAA-CREF concede that CPLR 210 (c) applies herein and provides that "the time within which the action must be commenced shall be computed from the time the letters are issued or from three years after the death, whichever event first occurs."

The decedent died on April 19, 1992 and letters of administration were issued to the petitioner on September 22, 1992. Thus, the three-year limitations period under CPLR 214 (3) was tolled until the issuance of letters on September 22, 1992 by operation of CPLR 210 (c). The period then ran from that date until January 27, 1994, when the Surrogate stayed this proceeding and "enjoined, restrained and stayed [the petitioner] from taking any further affirmative actions on behalf of the Estate." The stay remained in effect until the court lifted it in an order dated April 5, 2002. Pursuant to CPLR 204 (a), the statute of limitations was tolled while the stay was in effect.

Thereafter, by order to show cause dated August 28, 2003, the petitioner sought to add TIAA-CREF as a party. Accordingly, the limitations period for prosecuting the discovery proceeding against TIAA-CREF ran from September 22, 1992 to January 27, 1994, and then resumed running from April 5, 2002 to August 28, 2003, for a total of approximately 33 months. The petitioner's motion to add TIAA-CREF as a party therefore was timely brought within the three-year period prescribed in CPLR 214 (3), as tolled by CPLR 210 (c) and 204 (a). Accordingly, that branch of the petitioner's motion which was to add TIAA-CREF as a party should have been granted.

However, the Surrogate's Court properly denied that branch of the petitioner's motion which was for a preliminary injunction to prohibit the respondent Ingrid Andersson Jacobs, and TIAA-CREF from, inter alia, transferring any assets held in accounts maintained by TIAA-CREF in the name of the decedent or Jacobs. The court correctly determined that the petitioner failed to adequately demonstrate a likelihood of success on the merits, irreparable injury absent the granting of a preliminary injunction, and a balancing of the equities in her favor (*see e.g.*

*Petervary v Bubnis,* 30 AD3d 498 [2006]; *Khan v State Univ. of N.Y. Health Science Ctr. at Brooklyn,* 271 AD2d 656 [2000]).

The parties' remaining contentions either are not properly before the Court, need not be reached in view of the foregoing determination, or are without merit. Krausman, J.P., Goldstein, Mastro and Spolzino, JJ., concur.