PAUL KOCOUREK, Appellant, v BOOZ ALLEN HAMILTON INC. et al., Respondents. [981 NYS2d 392]—

Order, Supreme Court, New York County (Lawrence K.

Marks, J.), entered April 9, 2013, which granted plaintiff's motion for leave to reargue defendants' motion to dismiss the second amended complaint and upon reargument, adhered to the prior order, same court and Justice, entered September 17, 2012, granting defendants' motion for an order pursuant to CPLR 3211 (a) (5) dismissing the second amended complaint on the basis of a release, unanimously affirmed, with costs. Appeal from the September 17, 2012 order, unanimously dismissed, without costs, as academic.

Plaintiff sues for breach of a written agreement for stock and other incentive benefits between himself and defendant Booz Allen Hamilton Inc., his former employer. The claims made here were also asserted by plaintiff in a related action that was brought in the United States District Court for the Southern District of New York (see Boudinot v Shrader, 2013 WL 1481226, 2013 US Dist LEXIS 51640 [SD NY, Apr. 10, 2013, No. 09 Civ 10163 (LAK)]). The defendants in both actions assert that plaintiff released them from his claims by way of a letter of transmittal that he executed on July 25, 2008. In this action, the motion court erred in concluding that the effect of the subject release was to be determined under state law as opposed to the Federal Employee Retirement Income Security Act (29 USC § 1001 et seq.) (ERISA). ERISA preempts state law to the extent plaintiff's breach of contract claims seek to remedy the denial of benefits under an ERISA-regulated pension plan (Aetna Health Inc. v Davila, 542 US 200, 204 [2004]).

The motion court correctly found that by executing the letter of transmittal plaintiff voluntarily and conclusively released the claims set forth in the second amended complaint. One day after the motion court's second order was entered, the district court granted the defendants' motion for summary judgment in the federal action (Boudinot, 2013 WL 1481226, *1, 2013 US Dist LEXIS 51640, *2). Although we affirm, we reject defendants' argument that the district court's order has a collateral estoppel effect. Collateral estoppel may not be invoked for the first time on appeal (Sandiford v City of New York Dept. of Educ., 94 AD3d 593, 595 [1st Dept 2012], affd 22 NY3d 914 [2013]).

We are not persuaded by plaintiff's argument that defendants have waived the affirmative defense of release. Where applicable, CPLR 3211 (e) provides that a defense based on a ground set forth in CPLR 3211 (a) (5), i.e., release, is waived unless raised by way of a CPLR 3211 (a) motion or in a responsive pleading. No waiver has occurred by virtue of the fact that defendants have moved for a dismissal of the second amended

complaint pursuant to CPLR 3211 (a) (5). Even if they had not done so, the defense could have been raised in defendants' answer to the second amended complaint (*see* CPLR 3025 [d]; 3211 [f]). Finally, the "single motion rule" (CPLR 3211 [e]) does not bar defendants' motion because the cause of action based on a written agreement, now asserted in the second amended complaint, was not set forth in plaintiff's prior complaints (*see e.g. Barbarito v Zahavi*, 107 AD3d 416, 420 [1st Dept 2013]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, DeGrasse, Feinman and Gische, JJ.