■ ALEXANDRE ANGÉ, Appellant, v SANDRA HOLLEY-ANGÉ, Respondent. [996 NYS2d 227]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 26, 2013, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on his claims for unjust enrichment, money had and received, and conversion, and granted defendant's cross motion for summary judgment dismissing those claims, unanimously affirmed, without costs.

Although we affirm Supreme Court's order, we do so on different grounds. As an initial matter, we reject defendant's contention that we are without subject matter jurisdiction to hear plaintiff's state law claims. Federal court jurisdiction over the issue of preemption under the Federal Employee Retirement Income Security Act (29 USC § 1001 *et seq.*) (ERISA) is not exclusive, and New York State courts routinely determine whether a particular claim is preempted by ERISA (*see e.g. Kocourek v Booz Allen Hamilton Inc.*, 114 AD3d 567, 568 [1st Dept 2014]).

Plaintiff's claims were not preempted by ERISA, since plaintiff was neither a participant nor a beneficiary of an ERISA-regulated retirement plan, and thus lacked standing to assert his claims under section 502 (a) (1) (B) of ERISA (*see e.g. Pascack Val. Hosp. v Local 464A UFCW Welfare Reimbursement*

*Plan*, 388 F3d 393, 400 [3d Cir 2004], *cert denied* 546 US 813 [2005]). Further, plaintiff's claims did not seek "to remedy the denial of benefits under an ERISA-regulated pension plan" (*Kocourek*, 114 AD3d at 568), and did not relate to the structure or administration of an ERISA plan (*see Hayman-Chaffey v Landy*, 1996 WL 282051, *2, 1996 US Dist LEXIS 7245, *6 [SD NY, May 28, 1996, No. 96 Civ 1900 (BSJ)]).

Plaintiff was not entitled to summary judgment on his claims for unjust enrichment or money had and received and those claims were correctly dismissed, since, among other things, defendant's failure to turn over to plaintiff the retirement benefits that she received as a surviving spouse of her deceased husband's estate was not against equity and good conscience (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]; *Matter of Witbeck*, 245 AD2d 848, 850 [3d Dept 1997]). Nor did plaintiff establish the merits of his claim for conversion, since he demonstrated no superior right of possession of the retirement benefits (*see Lucker v Bayside Cemetery*, 114 AD3d 162, 174 [1st Dept 2013], *lv denied* 24 NY3d 901 [2014]). Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Feinman and Kapnick, JJ.