Kashema Williams, Respondent,
against
Low Cost Vet Mobile, Appellant. 




Low Cost Vet Mobile, appellant pro se.
Kashema Williams, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Tracy Catapano-Fox, J.), entered March 14, 2018. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,309.




ORDERED that the judgment is modified by reducing the amount of the award in favor of plaintiff to the principal sum of $425; as so modified, the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover for veterinary surgeries that she paid for but which were not performed. At a nonjury trial, plaintiff testified that she had entered into a contract with defendant to perform three surgeries (mastectomy, hernia, spay) on her dog, Twinkle, an 11-year-old Yorkshire Terrier. The evidence further showed that only the mastectomy had been performed due to Twinkle's weak state during the surgery. It is undisputed that, prior to the surgery, plaintiff had paid $2,050 towards Twinkle's anticipated medical bills and that plaintiff was told that a follow-up surgery would be necessary to repair Twinkle's hernia and perform her spaying. Plaintiff's husband testified that, about a month after the mastectomy, Twinkle's health deteriorated and she had to be put down.
Garo Alexanian, the founder and administrator of defendant, a charitable organization that [*2]provides low cost veterinary services through mobile hospital trucks, testified that Twinkle had a massive tumor and a massive hernia. Plaintiff was told that, although Twinkle's blood work was good, the surgeon might not be able to perform all of the surgeries if Twinkle was not stable enough, given her advanced age. Plaintiff signed papers that she understood that "no guarantee or assurance can be made as to the results that may be obtained." Alexanian, who was present for the surgery, testified that the mastectomy was completed but Twinkle became too unstable so she had not been able to be spayed and the hernia had not been repaired. Alexanian provided plaintiff with an updated bill for the mastectomy surgery that had been performed. It totaled $1,575, an amount which plaintiff never contested in terms of reasonableness. Since plaintiff prepaid $2,050, there was a $475 credit on her account, $50 of which was used to pay for Twinkle's follow-up visit. At that visit, the surgeon informed plaintiff that Twinkle's tumor was returning and that they would remove it during the second surgery. Defendant never saw plaintiff again.
Following the trial, the Civil Court entered judgment awarding plaintiff the principal sum of $2,309.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
The essential elements of a cause of action for money had and received are (1) the defendant received money belonging to the plaintiff, (2) the defendant benefitted from receipt of the money, and (3) under the principles of equity and good conscience, the defendant should not be permitted to keep the money (see Goel v Ramachandran, 111 AD3d 783 [2013]; Matter of Witbeck, 245 AD2d 848 [1997]).
Here, the evidence presented by defendant was that the total charges for the surgery that had been performed, i.e., only the mastectomy, totaled $1,575, which was $475 less than what plaintiff had paid. The evidence also showed that because plaintiff paid more than what was billed, defendant credited plaintiff's account and used $50 of that credit when plaintiff brought Twinkle in on a subsequent visit.
Accordingly, in order to render substantial justice between the parties according to the rules and principles of substantive law (see CCA 1804, 1807; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d 125), the judgment is modified by reducing the award in favor of plaintiff to the principal sum of $425.
ALIOTTA, P.J., WESTON and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 24, 2020