Matter of Micali (2025 NY Slip Op 50069(U))

[*1]

Matter of Micali

2025 NY Slip Op 50069(U)

Decided on January 24, 2025

Surrogate's Court, Monroe County

Ciaccio, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 24, 2025
Surrogate's Court, Monroe County

In the Matter of the Estate of Joseph Micali, Deceased.

File No. 2024 - 1784/A

Heidi E. LaDuca, Esq., Webster, New York, Attorney for Voluntary Administrator, Julie A. Micali, Petitioner.
Kevin S. Cooman, Esq., McConville, Considine, Cooman & Morin, P.C., Rochester, New York, Attorney for Lilla Micali and Diane Gibson, Respondents.

Christopher S. Ciaccio, S.

BACKGROUND
Decedent died June 28, 2024, survived by his spouse. Decedent's Will has not been probated but has been filed with the Court in connection with a Petition for Voluntary Administration. Decedent's spouse, Julie Micali was issued two Certificates of Voluntary Administration on July 17, 2024. One of these Certificates authorizes the Voluntary Administrator to pursue the property at issue in this case. Decedent's Will leaves all of Decedent's property to his spouse and nominates her Executor.
On August 27, 2024, the Voluntary Administrator filed a Petition pursuant to SCPA 2103 alleging that Decedent's mother, Lilla Micali, has possession of $30,000 in cash in a safe at her house that is properly part of the Estate. The Petition sought an examination of both Lilla Micali and Decedent's sister, Diane Gibson related to the property.
In response, Decedent's mother and sister brought the instant Motion pursuant to CPLR 3211(a)(1) and (7) alleging that the Petition fails to state a cause of action, and alternatively, that the cause of action is barred by the Statute of Limitations. In the supporting papers for the Motion, Respondent Lilla Micali ("Lilla") argues that while she and her late husband had 'set aside' the disputed funds to use as gifts to assist the Decedent and his sister, the funds always remained her property.

OPINION
SCPA 2103 and 2104 describe a procedure unique to the Surrogate's Courts in which an estate fiduciary can petition the court based on information and belief that property properly belonging to the estate is in the possession of another. (SCPA 2103(1)). If there are "reasonable grounds for the examination [the court] must make an order accordingly." (SCPA 2103(3)). Pursuant to SCPA 2104(2), "Any claim of title to or the right to the possession of any property of the decedent must be made by verified answer," at which point a trial shall be held. (SCPA 2104(1) and (2)). "A claim of title made prior to the institution of the discovery proceeding or in an affidavit in support of a motion to dismiss such proceeding cannot take the place of (a) an [*2]answer alleging title to or the right to possession of any property involved in the inquiry, or (b) a claim of title made at the time of the inquiry." (Matter of Feinberg, 185 Misc 862, 864 [Sur Ct, Kings County 1945]).
A Petitioner in a discovery proceeding under the Surrogate's Court Procedure Act is afforded "broad latitude in the initial or inquisitional stage." (Id.). A petitioner's entitlement to engage in such inquiry is even referred to by the Supplemental Practice Commentaries as "a right to examine her on the allegations raised in the petition." (Turano, McKinney Practice Commentary, SCPA 2104 (2011)). "A proceeding brought under [the statutory predecessor to SCPA 2104] is in its nature inquisitorial and a fishing expedition which may be instituted on information and belief of any facts tending to show either possession of, or knowledge or information concerning property which should be delivered to the estate representative. This proceeding is considered an examination before trial to elicit information upon which to found a demonstration for ultimate recovery of assets." (Matter of Rosenkrantz, 5 Misc 2d 308 [Sur Ct, Kings County 1956] (internal citations omitted)).
By claiming title of the disputed property by gift, the Petitioner retains the burden of proof to prove her entitlement to the property, and the burden will not shift to the Respondent even upon the filing of an answer. (See, Matter of Rabinowitz, 5 Misc 2d 803 [Sur Ct, Nassau County 1957]). This will constitute a high burden, complicated by the many issues the Respondents have pointed out in their affidavits supporting the instant motion. However, the Petitioner's entitlement to examine the Respondents about the disputed property remains.
The Motion also argues that the Voluntary Administrator's claim is time barred. It is unnecessary for the Court to determine if the applicable Statute of Limitations is that of a bailment, and therefore six years, or that of replevin, and therefore three years. (See, Matter of Witbeck, 245 AD2d 848, 850 [3d Dept 1997]; cf. Matter of Norstar Trust Co. 132 AD2d 973 [4th Dept 1987)). While the alleged possession of the disputed property began in 2004, the cause of action did not accrue until the alleged breach, which occurred sometime in April 2024, well within either time frame. "[T]he Statute of Limitations does not begin to run against a bailee in lawful possession until the bailor makes a demand for the chattel's return and the demand is refused." (Martin v. Briggs, 235 AD2d 192, 198 [1st Dept 1997]; see also, Warren v. City of Poughkeepsie, 66 Misc 3d 538, 544 [City Ct, Dutchess County 2019] [holding that "whether the action sounds in negligence, replevin, conversion, bailment, or even breach of contract" the action did not accrue until the plaintiff demanded return of his money.]).
The Motion to Dismiss shall be held in abeyance, subject to amendment, until the completion of the requisite examination pursuant to SCPA 2104. (See, Matter of Clemente, 207 Misc 410, 412 [Sur Ct, Bronx County 1955]). 
Therefore, in accordance with the above decision, it is hereby
ORDERED, ADJUDGED and DECREED that the aspect of the Respondents' Motion to Dismiss the Petition as time barred is denied; and it is further
ORDERED, ADJUDGED and DECREED that the Respondents are directed to appear to be examined pursuant to SCPA 2104 on January 23, 2025 at 11:00 a.m.; and it is further
ORDERED, ADJUDGED, and DECREED that a decision on the Respondents' Motion to dismiss the Petition pursuant to CPLR 3211(a)(1) and (7) shall be addressed after such examination.
January 24, 2025
Hon. Christopher S. Ciaccio, Surrogate